MRS. JAMES R. STAMEY, JR., ADMINISTRATRIX OF THE ESTATE OF JAMES R. STAMEY, JR., DECEASED, v. RUTHERFORDTON ELEC-TRIC MEMBERSHIP CORPORATION, DEFENDANT, AND BRAWLEY CONSTRUCTION COMPANY, ADDITIONAL DEFENDANT.

(Filed 31 January, 1958.)

1. **Appeal and Error § 7—**

   An appealing defendant may file in the Supreme Court a demurrer *ore tenus* to the complaint on the ground that plaintiff's pleading fails to state facts sufficient to constitute a cause of action.

2. **Pleadings § 19c—**

   A demurrer admits as true the allegations of fact contained in the complaint, but does not admit inferences or conclusions of law.

3. **Same—**

   While a complaint must be liberally construed upon demurrer, G.S. 1-151, the case must be taken as made by the complaint, and the court cannot read into it facts not therein stated.

4. **Negligence § 16—**

   In an action for negligence it is not sufficient for plaintiff to allege merely conclusions of negligence and proximate cause, but it is required that plaintiff allege facts constituting the negligence charged and also facts which establish such negligence as the proximate cause or one of the proximate causes of the injury.

5. **Electricity § 7—Facts alleged held insufficient to establish that alleged negligence was proximate cause of the injury.**

   This action was instituted to recover for the death of an employee of an independent contractor engaged in the stringing of wires under a contract with defendant electric company. The complaint alleged that while intestate was on a pole engaged in assisting with the string-ing of a nonenergized line, one of the nonenergized wires came into contact with defendant's highly charged power line, resulting in intes-tate's death. *Held:* In the absence of allegations of fact as to how the nonenergized wire came into contact with the energized wire, the complaint is insufficient to establish that alleged acts of negligence on the part of defendant were the proximate cause or one of the proximate causes of intestate's death, and demurrer *ore tenus* is allowed in the Supreme Court.

6. **Pleadings § 20½—**

> In an action for negligence, where the facts alleged are insufficient to establish the element of proximate cause, defendant's demurrer must be sustained without prejudice to plaintiff's right to move for leave to amend. G.S. 1-131.

APPEAL by defendant Rutherfordton Electric Membership Corporation from *Moore, Dan K., J.,* 3 June 1957, Schedule A, Regular Civil Term of MECKLENBURG.

The amended complaint alleges two causes of action. For a first cause of action plaintiff alleges that her intestate was injured on 22 February 1956 by the actionable negligence of the defendant, and she seeks to recover damages for his pain and suffering and hospital and medical expense from the date of injury to his death on 26 February 1956. In a second cause of action plaintiff seeks to recover damages for the alleged wrongful death of her intestate resulting from such injuries.

The appealing defendant filed answer substantially denying the allegations of the amended complaint, but admitting, however, that it did own and control the transmission line, that it employed Brawley Construction Company as an independent contractor to erect the poles and wires upon which plaintiff's intestate was working when injured, and that plaintiff's intestate was an employee and servant of Brawley Construction Company. The answer alleged five further answers and defenses: (1) contributory negligence on the part of plaintiff's intestate; (2) insulating negligence on the part of Brawley Construction Company; (3) that the North Carolina Workmen's Compensation Act, and its contract with Brawley Construction Company bar the right of plaintiff to maintain these actions against it; (4) a plea in bar of the claim of the Bituminous Casualty Company, the workmen's compensation carrier of Brawley Construction Company, by reason of alleged negligence on the part of Brawley Construction Company; and (5) a cross-action against Brawley Construction Company to the effect that if it be held liable to plaintiff, Brawley Construction Company is obligated to indemnify it.

Upon motion of the appealing defendant Brawley Construction Company was made a party defendant. Brawley Construction Company filed a demurrer to the cross-action against it.

Plaintiff made a motion to strike from the appealing defendant's answer, and from the record, all of its further answers and defenses and its cross-action against Brawley Construction Company, with the exception of the first further answer alleging contributory negligence on the part of plaintiff's intestate, paragraphs 2 and 3 of its prayer for relief, and the order of

the court making Brawley Construction Company a party defendant, the summons issued for that purpose, and the name of Brawley Construction Company.

Judge Moore allowed plaintiff's motion to strike from the appealing defendant's answer its third further answer and defense in its entirety, and all of its fifth further answer and defense and cross-action against the Brawley Construction Company, and vacated the order making Brawley Construction Company a party defendant, and dismissed it. Judge Moore also struck the word "active" out of the fourth further answer and defense. The remainder of plaintiff's motion to strike was denied.

To Judge Moore's failure to strike the appealing defendant's second and fourth further answers and defenses, the plaintiff objected and excepted.

To Judge Moore's order striking from its answer its third further answer and defense and its fifth further answer and defense and cross-action, and his vacating the order making Brawley Construction Company a party defendant, and dismissing it, the defendant Rutherfordton Electric Membership Corporation objected and excepted.

The Rutherfordton Electric Membership Corporation conceiving that Judge Moore's order striking allegations contained in its pleadings will be prejudicial to it on the final hearing of the action, pursuant to Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766, petitioned this Court for a writ of *certiorari* within thirty days from the date of the entry of Judge Moore's order. On 4 September 1957 we allowed the petition.

*Carpenter & Webb for Defendant, Appellant.*
*Carswell & Justice By James F. Justice and William H. Booe for Plaintiff, Appellee.*

PARKER, J. In this Court the defendant Rutherfordton Electric Membership Corporation filed a demurrer *ore tenus* on the ground that the amended complaint does not state facts sufficient to constitute a cause of action. This it had a right to do. *Lamm v. Crumpler*, 233 N.C. 717, 65 S.E. 2d 336. Defendant reduced its demurrer *ore tenus* to writing, and specified the grounds of objection to the amended complaint as follows: One, the amended complaint fails to state facts as to how, or by what means, one of the nonenergized and dead wires, which plaintiff's intestate was on a pole erecting, came in contact with the defendant's energized and live and uninsulated power line, causing a high voltage of electricity to be transmitted therefrom

into the body of plaintiff's intestate proximately causing his injuries and death. Two, the amended complaint fails to state facts supporting the conclusion that defendant knew, or in the exercise of due care should have known, that at the time of plaintiff's intestate's injury its live transmission line was several feet from and in close proximity to the pole upon which plaintiff's intestate was working, "which was the first occasion the plaintiff's intestate had been in close proximity to the energized and live current line." Three, the amended complaint fails to state facts supporting the conclusion that defendant knew, or in the exercise of due and ordinary care should have known, the several matters alleged in sub-paragraphs (a) through (g) of paragraph 12 of each cause of action. Four, "while it affirmatively appears from the allegations of Paragraphs 5 and 6 of each cause of action that the plaintiff's intestate was the employee of an independent contractor doing work for this defendant, the Complaint does not set forth facts sufficient to bring the plaintiff's intestate within any exception to the general rule of law under which the defendant would not be liable to or responsible for employees of its independent contractor and the Complaint fails to set forth any facts from which it may be inferred that this defendant owed to the plaintiff or the plaintiff's intestate some legal duty, the breach of which proximately caused the injury to and death of the plaintiff's intestate."

The allegations of negligence against the defendant are verbatim in both causes of action stated in the amended complaint. This is a summary of the amended complaint's allegations necessary to be set forth in passing on defendant's demurrer *ore tenus:* Defendant, a North Carolina corporation, at the time complained of was operating a private electrical power corporation, electrical power poles, and lines for transmission and sale of electrical power and current for profit. Defendant owned and controlled a power substation near Lincolnton, and poles and power lines at other locations from the substation, for the purpose of transmission and sale of electric power and current for a distance of about 20 miles to a point, and at a place near the Lincolnton-Newton Highway, and thence in a northerly direction to other places. At the place in question defendant transmitted electrical power and current over its line to the extent of 7,200 volts. Defendant entered into an independent contract with Brawley Construction Company—hereafter called Brawley—to erect certain poles and nonenergized or dead lines for it on a new course, which passed near the energized and live power line of defendant at the place in question. Plaintiff's intestate was an employee and servant of Brawley, and at all times was keeping a proper lookout and exercising due care

for his own safety. Defendant had control and dominion over the power lines and poles, and property upon which they were located. About 3:00 o'clock p. m. on 22 February 1956 plaintiff's intestate was on one of the power line poles, and engaged in his duties as a groundman and employee for Brawley in the erection of the nonenergized power line. "The defendant corporation's energized and live and uninsulated power line containing approximately 7,200 volts was several feet from and in close proximity to the pole upon which plaintiff's intestate was working in connection with the erection of the nonenergized and 'dead' line, which was the first occasion the plaintiff's intestate had been in close proximity to the energized and 'live' current line, all of which was known or in the exercise of due care should have been known to the defendant corporation. On the occasion in question, while the plaintiff's intestate was on the pole engaged in assisting with the erection of the nonenergized and 'dead' line, one of the nonenergized and 'dead' wires came in contact with the defendant corporation's energized and 'live' and uninsulated power line, causing a high voltage of current and electricity to be transmitted from the defendant corporation's energized and 'live' and uninsulated wire into the body of the plaintiff's intestate which proximately caused and resulted in injuries to and the death of the plaintiff's intestate."

The allegations in paragraph 12 of each cause of action stated in the amended complaint are in exactly the same words. In these paragraphs plaintiff alleges that the injuries to, and death of, her intestate were proximately caused by the negligence of the appealing defendant, and sets forth the alleged negligence in nine sub-paragraphs, which are to this effect: Defendant negligently failed to cut off the high voltage of electrical current in its live wire, and negligently permitted its live wire to remain in an exposed condition, and uninsulated, in close proximity to the work being done by plaintiff's intestate as a groundman, and others, when it knew, or in the exercise of due care should have known, that this was highly dangerous under the existing conditions. Defendant negligently failed to place warning signs on its live wires, to give warning and notice of its live wire, and to guard its live wire, at the place where the nonenergized line was being constructed by plaintiff's intestate who was a groundman, and not an accomplished lineman, when it knew, or in the exercise of due care should have known, that the work of plaintiff's intestate was highly dangerous and unsafe under the existing conditions, and plaintiff's intestate was likely to come in contact with the live wire. Defendant negligently failed to erect and maintain a sufficient number of circuit-breaking switches, so that in the event of a contact with the live wire the safety

switches would kick off the current, when it knew, or in the exercise of due care should have known, that plaintiff's intestate working on the nonenergized line might be likely to come into contact with the live wire. Defendant negligently failed to turn over the premises along which the nonenergized line was being erected to the persons doing such work in a reasonably safe condition.

A demurrer to a complaint admits as true the allegations of fact therein stated, but does not admit any inferences or conclusions of law asserted by the pleader. *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568. G.S. 1-151 requires us to construe liberally a pleading challenged by a demurrer with a view to substantial justice between the parties. *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129. "On demurrer we take the case as made by the complaint," *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690, and cannot read into it facts that are not therein stated.

The Court said in *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193, speaking through *Johnson, J.:* "In an action or defense based upon negligence, it is not sufficient to allege the mere happening of an event of an injurious nature and call it negligence on the part of the party sought to be charged. This is necessarily so because negligence is not a fact in itself, but is the legal result of certain facts. Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause, or as one of the proximate causes, of the injury must be alleged."

The Court said in *Whitehead v. Telephone Co.,* 190 N.C. 197, 129 S.E. 602: "The bare statement, then, that the defendant's negligence was the proximate cause of the plaintiff's loss, unsupported by allegations of sufficient particularity to enable us to discover a causal relation between the negligent act and the loss is not sufficient. It is therefore essential that we ascertain from the complaint whether such causal relation is proximate or too remote to support the action."

The Court said in *Gillis v. Transit Corporation,* 193 N.C. 346, 137 S.E. 153: "An allegation of negligence must be sufficiently specific to give information of the particular acts complained of; a general allegation without such particularity does not set out the nature of plaintiff's demand sufficiently to enable the defendant to prepare his defense."

The complaint must show that the particular facts charged as negligence were the efficient and proximate cause, or one of such causes, of the injury of which the plaintiff complains. *Furtick v. Cotton Mills,* 217 N.C. 516, 8 S.E. 2d 597; *Moss v. Bowers,* 216 N.C. 546, 5 S.E. 2d 826; *Guthrie v. Gocking,* 214

N.C. 513, 199 S.E. 707; *Conley v. R.R.*, 109 N.C. 692, 14 S.E. 303; McIntosh, N. C. Practice and Procedure, Second Ed., Vol. I, Sec. 989; 65 C.J.S., Negligence, Sec. 188; 38 Am. Jur., Negligence, Sec. 264.

The amended complaint avers these facts: The defendant's live and uninsulated power line containing approximately 7,200 volts of electricity was several feet from the pole upon which plaintiff's intestate was working in connection with the erection of the nonenergized line, which was the first occasion plaintiff's intestate had been in close proximity to the live line. "While the plaintiff's intestate was on the pole engaged in assisting with the erection of the nonenergized and 'dead' line, one of the nonenergized and 'dead' wires came in contact with the defendant corporation's energized and 'live' and uninsulated power line, causing a high voltage of current and electricity to be transmitted" into the body of plaintiff's intestate proximately causing his death. The general allegations of paragraph 12 in each cause of action aver no facts which show how or why the nonenergized line upon which plaintiff's intestate was working came in contact with defendant's live wire, which was several feet away. Conceding, but not deciding, that the general allegations set forth in paragraph 12 of each cause of action stated in the amended complaint charge the defendant with negligence, there is nothing in the amended complaint to show that such alleged negligence proximately caused the injuries to, and the death of, plaintiff's intestate. Considering the amended complaint as a whole, and ignoring none of its charging parts, it is manifest that the efficient and proximate cause of the death of plaintiff's intestate was the nonenergized line coming into contact with defendant's live wire several feet away. The amended complaint contains no allegation of fact that the defendant did anything, even in the slightest degree, to cause the nonenergized line to come in contact with its live wire, and further the amended complaint avers no facts from which it can reasonably and fairly be inferred that the defendant did anything to cause the nonenergized line to come in contact with its live wire.

The mere fact that a pleader alleges that an act is one of negligence does not make it so. We can speculate that the nonenergized wire was caused to come in contact with the live wire, by reason of some act of the defendant, or of some other person having no connection with the defendant, or by some act of plaintiff's intestate, or by some freak of nature, but speculation cannot cure the insufficiency of the amended complaint. The defendant has the right to have set forth in the amended complaint a statement of facts constituting the negligence charged, and also a statement of the facts which establish such negligence

charged as the proximate cause, or as one of the proximate causes, of the injury and death complained of, sufficiently specific to inform it as to the nature of the action, so that it will not, without default on its part, lose the benefit of a complete defense, which it might possibly be in its power to make good but for the want of more definite information in the amended complaint. "It is necessary, in stating a cause of action, to set forth the duty which the defendant owed the plaintiff, as well as the manner in which the violation of that duty proximately contributed to the plaintiff's injury." *Parrish v. R.R.,* 221 N.C. 292, 20 S.E. 2d 299.

Plaintiff asserts in her brief that the allegations in the complaint in *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106, are similar to the allegations in the instant case, and the Court there overruled the demurrer. The *Essick* case is readily distinguishable, for the complaint alleged: ". . . that the plaintiff's intestate was on top of the roof of the catwalk nailing down the capping while a fellow worker named David T. Smith was handing up the sections of capping through the uncovered portion of the center of the roof to the plaintiff's intestate, and that he handed up one section of said capping to plaintiff's intestate, and as the plaintiff's intestate pulled the said section through the uncovered portion of the roof, the said capping came in contact with an uninsulated portion of one of the high tension wires of the defendant, resulting in his electrocution and immediate death; and that the death of the plaintiff''s intestate was proximately caused by the carelessness and negligence of the defendants through their servants, agents and employees."

In our opinion, the demurrer *ore tenus* should be sustained, for the reason that the amended complaint considered in its entirety fails to allege a case of actionable negligence proximately causing the injury to, and death of, plaintiff's intestate, as set forth above. However, this is without prejudice to the plaintiff's right to move in the Superior Court for leave to amend her complaint under the provsions of G.S. 1-131.

The demurrer *ore tenus* to the amended complaint filed by the defendant in the Supreme Court is allowed. *Lamm v. Crumpler, supra.* The questions presented by our granting the defendant's petition for a writ of *certiorari* are not reached for decision.

Demurrer sustained.