LULA MAYE SKIPPER v. A. B. CHEATHAM AND MARY V. CHEATHAM, T/B/A SAUNDERS DRUG STORE.

(Filed 18 March, 1959.)

**1. Negligence § 4f—**

The proprietors of a store are not insurers of the safety of their customers.

**2. Same—**

There is no inference of negligence, nor does the doctrine of *res ipsa loquitur* apply to a fall by a patron on the premises of a store.

**3. Same—**

The duty of proprietors of a store is to exercise ordinary care to keep

the premises in a reasonably safe condition for the use of customers and to warn them of hidden dangers or unsafe conditions known to the proprietors or ascertainable by them through reasonable supervision or inspection.

**4. Negligence § 16—**

Negligence and proximate cause are legal conclusions from the facts, and therefore the complaint in an action to recover for negligent injury must allege particular facts sufficient to support these conclusions, and mere averments that the conditions constituted a "dangerous trap," or were hazardous, are ineffectual as mere legal conclusions.

**5. Pleadings § 15—**

A demurrer admits the facts alleged, but not the legal conclusions of the pleader.

**6. Negligence § 4f— Complaint held insufficient to state cause of action to recover for fall of customer on store premises.**

Allegations to the effect that plaintiff customer tripped and fell when her foot caught under scales maintained by defendants at the entrance of their store, that the entrance sloped and that the front part of the scales had been raised in order to make them level, and that the front part of the scales extended almost to the sidewalk, with further allegation that defendants knew or should have known that a multitude of people would be passing from time to time and that the condition created a dangerous hazard, *are held,* in the absence of any allegation that on the occasion in question plaintiff's ability to see the scales was obstructed or impaired, etc., insufficient to state a cause of action for negligence.

**7. Negligence § 16:    Pleadings § 20½—**

Where a complaint, in an action to recover for negligent injury, is defective in failing to allege sufficient facts to support the legal conclusion of negligence, the cause should not be dismissed upon demurrer but plaintiff should be allowed to move for leave to amend, G.S. 1-131, since it is only when the allegations affirmatively disclose a defective cause of action that the action should be dismissed upon demurrer.

**8. Negligence § 16—**

In an action to recover for negligent injury, demurrer on the ground of contributory negligence may be allowed only if the facts alleged in the complaint affirmatively show contributory negligence as a matter of law, and it is not required that the pleading allege facts sufficient to negative contributory negligence.

APPEAL by plaintiff from *Bone, J.,* September Civil Term, 1958, of NEW HANOVER.

Personal injury action, heard below on demurrer to complaint.

Plaintiff's allegations may be summarized as follows:

A drugstore, operated by defendants, is located on the east side of Front Street, Wilmington, N. C. Plaintiff, a customer, entered this

store on January 18, 1957, about 10:00 a.m. She had a prescription filled and paid defendants therefor. She was to take the prescribed medicine to her mother.

Plaintiff's sister, by automobile, had brought plaintiff to the store. The sister was to wait for plaintiff and take her to their mother.

Plaintiff left the store and was walking in a westerly direction toward the sidewalk when suddenly her foot was caught under a set of penny scales and she was hurled to the inclined tile entrance to defendants' store and to the sidewalk. As she left the store, she was "looking for her sister." She "spied her sister waiting for her in the automobile, parked on the east side of Front Street near this Saunders Front Street Drug Store," and was "headed in that direction" when "her foot hooked" under said scales.

Defendants had placed the scales on their property at a point almost touching the sidewalk and derived an income "from the weighing charges when the scales were used by the public generally and by the defendants' customers."

On account of her fall, proximately caused by the negligence of defendants, plaintiff suffered painful, serious and permanent injuries.

Plaintiff alleged that "in so placing the weighing scales as to make them a hazard to the general public and this plaintiff in particular as a business invitee," defendants were negligent in that:

"a. Because of the slope of the entrance and exit from the sidewalk on the east side of Front Street to the interior of the store of Saunders Drug Store, the stand of the scales was so arranged, in order to be level, that the after or rear portion of the stand was flush with the entrance walkway but the forepart of the stand of the scales was raised an inch or more, resulting in a dangerous trap for the public generally and those using the store on business.

"b. . . . the scales were placed by the defendants at a spot almost contiguous with the public sidewalk on the east side of Front Street where the defendants knew or should have known that *oftentimes* there would be a multitude of people coming and going on the sidewalk and coming and going in and out of their drugstore, temporarily obscuring the vision of persons using the store and customers of the store, as well as others, thereby creating a hazardous and dangerous condition on their premises. (Our italics)

"c. . . . the dangerous placement of the scales . . . had existed for a long time to the knowledge of the defendants who did nothing to correct or remedy the dangerous condition thereby created, when they knew or should have known that such a condition was likely to cause injuries to the general public and in particular to the defendants' cus-

tomers and business invitees using the defendants' Front Street Drug Store.

Defendants demurred on the ground that the facts alleged by plaintiff (1) are not sufficient to constitute a cause of action against defendants for actionable negligence, and (2) affirmatively disclose contributory negligence as a matter of law.

The judgment of Judge Bone sustained the demurrer and *dismissed the action.*

Plaintiff excepted and appealed.

*Aaron Goldberg and Rountree & Clark for plaintiff, appellant.*
*Poisson, Campbell & Marshall for defendants, appellees.*

BOBBITT, J.　Are the facts alleged, considered in the light most favorable to plaintiff, sufficient to support findings (1) that defendants were negligent in maintaining the scales in their store entrance, and (2) that such negligence proximately caused plaintiff's injury?

Defendants were not insurers of the safety of their customers. *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195. The doctrine of *res ipsa loquitur* does not apply. *Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697. No inference of negligence arises from the mere fact of an accident or injury. *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821.

Defendants' legal duty was to exercise ordinary care to keep the entrance in a reasonably safe condition for the use of customers entering or leaving their store and to warn them of hidden dangers or unsafe conditions known to defendants or ascertainable by them through reasonable supervision or inspection. *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33; *Sledge v. Wagoner, supra.*

As stated by *Rodman, J.,* in *Harris v. Department Stores Co.,* 247 N.C. 195, 198, 100 S.E. 2d 323: "The law imposes liability on the owner of property for injuries sustained by an invitee which are caused by dangerous conditions known, or which should have been known, by the property owner but are unknown and not to be anticipated by the invitee."

"The law requires a storekeeper to maintain his storeroom and the entrance thereto in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety." *Tyler v. F. W. Woolworth Co.* (Wash.), 41 P. 2d 1093, 1094.

The cause of action consists of the facts alleged. G.S. 1-122;

*Lassiter v. R. R.*, 136 N.C. 89, 48 S.E. 642. "The complaint must show that the particular facts charged as negligence were the efficient and proximate cause, or one of such causes, of the injury of which the plaintiff complains." *Stamey v. Membership Corp.*, 247 N.C. 640, 645, 101 S.E. 2d 814. The facts alleged, but not the pleader's legal conclusions, are deemed admitted where the sufficiency of a complaint is tested by demurrer. *Stamey v. Membership Corp., supra.*

As stated by *Johnson, J.,* in *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193: ". . . negligence is not a fact in itself, but is the legal result of certain facts. Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause, or as one of the proximate causes, of the injury must be alleged."

Whether the scales constituted "a dangerous trap" or "a hazardous and dangerous condition" are legal conclusions. These expressions, incorporated in plaintiff's allegations, shed no light upon the facts and circumstances existing on the occasion of plaintiff's injury.

No facts descriptive of the scales or of the entrance to defendants' store are alleged except the following: The tile entrance sloped toward the sidewalk. In order to make the stand of the scales level, the front portion thereof, "almost contiguous with the public sidewalk," was raised an inch or more. The back portion thereof "was flush with the entrance walkway."

No facts are alleged: (1) as to the size and appearance of the scales; (2) as to the size and layout of the store entrance; (3) as to the space available as passageways in portions of the entrance elsewhere than in close proximity to the scales; (4) as to whether the scales were in some manner concealed or were in plain view; (5) as to whether any person other than plaintiff was using the entrance on the occasion of plaintiff's injury.

In *Smith v. Emporium Mercantile Co. (Minn.)*, 251 N.W. 265, the plaintiff fell when her foot struck a corner of a movable platform, used for displaying merchandise, which protruded into an aisle. The court said: "Where an ordinary device, such as this platform, customarily used in stores for the display of goods, is placed in a well-lighted position, is plainly observable, with nothing to conceal its presence and outlines, and with sufficient passageways going by it, the shopkeeper should not be held negligent as to one heedlessly colliding therewith. (Citations) To hold otherwise would impose too high a degree of care upon a shopkeeper and in effect make him an insurer of the safety of customers."

Whether defendants breached their legal duty to plaintiff must be

determined on the basis of the facts and circumstances existing on the occasion of plaintiff's injury. If, on other occasions, a person's ability to see the scales was obstructed or impaired, by crowded conditions in the entrance or otherwise, defendants' liability to a customer then injured by contact with the scales would be determined in relation to those circumstances and conditions.

Plaintiff, in her brief, contends that the facts alleged are sufficient to raise the inference "that the scales were momentarily obscured to plaintiff's vision by the crowd of people on the sidewalk and going to and fro in the entranceway to the defendants' place of business . . ." But we do not think any inference as to the *presence or absence* of persons in the entrance or on the sidewalk *on the occasion of plaintiff's injury* may be drawn from plaintiff's meager factual allegations.

Under the rules governing defendants' legal liability to plaintiff, stated above, we reach the conclusion that the facts alleged, nothing else appearing, are insufficient to support a finding that plaintiff's injury was proximately caused by negligence on the part of defendants. Hence, the demurrer was properly sustained.

Even so, the court was in error in dismissing plaintiff's action. The demurrer should have been sustained without prejudice to plaintiff's right to move for leave to amend her complaint. *Bank v. Gahagan,* 210 N.C. 464, 187 S.E. 580; *Stamey v. Membership Corp., supra,* 647.

Obviously, if plaintiff's injury was proximately caused by defendants' negligence, she has a good cause of action. The defect here is the deficiency in plaintiff's factual allegations. *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43, and cases cited. Hence, plaintiff may move for leave to amend in accordance with G.S. 1-131. When a demurrer is sustained, the action will be *then dismissed* only if the allegations of the complaint affirmatively disclose a defective cause of action, that is, that plaintiff has no cause of action against the defendant. *Mills v. Richardson,* 240 N.C. 187, 190, 81 S.E. 2d 409; *Burrell v. Transfer Co.,* 244 N.C. 662, 664, 94 S.E. 2d 829.

Defendants' contention that the facts alleged establish plaintiff's contributory negligence as a matter of law is untenable.

"In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial." G.S. 1-139. Where contributory negligence is the ground of objection, the demurrer will be sustained "only where on the face of the complaint itself the contributory negligence of the plaintiff is patent and unquestionable." *Ramsey v. Furniture Co.,* 209 N.C. 165, 169, 183 S.E. 536, and cases cited. Defendants cannot rely upon plaintiff's failure

to allege facts sufficient to negative contributory negligence. The facts alleged must affirmatively show contributory negligence as a matter of law.

The allegations that, as plaintiff left the store, she was "looking for her sister," and that, when she "spied" her sister, waiting for her in a parked car, she "headed in that direction," are insufficient to establish plaintiff's contributory negligence as a matter of law.

While, as stated above, plaintiff did not allege, expressly or by implication, that her vision or ability to see the scales was obscured or impaired by other persons in the entrance or otherwise, it is equally true that she did not allege that the existing conditions were such that she saw or by the exercise of due care could have seen the scales and so could have avoided injury.

The portion of the judgment sustaining the demurrer is affirmed. However, the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.