WARREN FORRESTER AND JOSEPH W. FORRESTER, PETITIONERS v.
JOE W. GARRETT, COMMISSIONER OF MOTOR VEHICLES OF
NORTH CAROLINA, RESPONDENT

No. 53

(Filed 15 December 1971)

1. **Rules of Civil Procedure § 12— defense of failure to state claim for relief**

When a pleader has failed to state a claim upon which relief can be granted, his adversary is now permitted by Rule 12(b)(6) to assert this defense either in a responsive pleading or by motion to dismiss, and this motion performs substantially the same function as the old common law general demurrer.

2. **Automobiles § 2— uninsured vehicle involved in collision — suspension of licenses until security posted — petition to postpone, posting of security**

The Commissioner of Motor Vehicles, pursuant to G.S. 20-279.5, suspended the drivers' licenses of both the owner and the driver of an uninsured vehicle involved in a collision until they posted security of $20,900 to satisfy any judgments against them. The owner and driver of the uninsured vehicle filed a petition under G.S. 20-279.2 in which they sought to have the court postpone the posting of security required by the Commissioner until such time as judgment be rendered against them. *Held:* The petition was insufficient to state a claim upon which relief could be granted where petitioners failed to allege that they were probably not guilty of negligence or that the negligence of the other party was probably the sole proximate cause of the collision, and failed to allege that the amount of the security required was excessive or not required by the terms of the statute.

APPEAL by petitioners, Warren Forrester and Joseph W. Forrester, from *Godwin, S.J.,* 18 June 1971 Session of ORANGE Superior Court, transferred for initial appellate review by the Supreme Court under general order of 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

Warren Forrester purchased a 1960 Ford Falcon automobile and had it registered in his name although in fact it was used exclusively by his minor son, Joseph W. Forrester, who was married and lived separate and apart from his parents. On 26 May 1970 Joseph W. Forrester was operating this Ford along Interstate 85 in Durham, North Carolina. Forrester stopped to let a passenger out, and while stopped his car was struck in the rear by a 1964 Oldsmobile operated by Katherine Cobb Hooks. As a result of the collision, Danny Leon Simmons, a passenger in the Forrester vehicle was killed. Forrester and

Mrs. Hooks were injured, and both vehicles were damaged. Warren Forrester and Joseph W. Forrester mistakenly thought the Ford automobile was covered by a liability insurance policy issued by Indiana Lumbermens Mutual Insurance Company to Warren Forrester and wife, Mary M. Forrester, on two other automobiles owned by them. However, at the time of the collision the Ford was uninsured. The Commissioner of Motor Vehicles, acting under the provisions of G.S. 20-279.5, issued an order effective 30 October 1970 suspending the driver's license of both Warren Forrester and Joseph W. Forrester. One condition for rescinding the order of suspension and reinstating the licenses was that the sum of $20,900 be posted as security to satisfy any judgments which might be rendered against Warren Forrester or Joseph W. Forrester, or both, for injuries and damages arising out of this collision. Warren Forrester and Joseph W. Forrester on 20 October 1970 filed a petition under G.S. 20-279.2 praying that the order of the Commissioner requiring the posting of security be postponed until after judgments, if any, be rendered against them on such claims.

At the hearing before Judge Godwin, the Commissioner of Motor Vehicles moved to dismiss the petition under G.S. 1A-1, Rule 12(b)(6), North Carolina Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. After examining the pleadings and hearing oral argument of counsel, the court allowed the motion. Petitioners appealed.

*Bryant, Lipton, Bryant & Battle by Alfred S. Bryant for petitioner appellants.*

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and T. Buie Costen for respondent appellee.*

MOORE, Justice.

Only one question is presented by this appeal: Did the court err in granting respondent's motion to dismiss the petition under Rule 12(b)(6) for failure to state a claim upon which relief could be granted?

Rule 8(a), North Carolina Rules of Civil Procedure, provides that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the trans-

actions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.

[1] When a pleader has failed to state a claim upon which relief can be granted, his adversary is now permitted by Rule 12(b)(6) to assert this defense either in a responsive pleading or by motion to dismiss, and this motion performs substantially the same function as the old common law general demurrer. 2A Moore, Federal Practice § 12.08 (2d Ed., 1968).

In discussing Rule 12(b)(6), Justice Sharp, in *Sutton v. Duke*, 277 N.C. 94, 105, 176 S.E. 2d 161, 168 (1970), stated:

"At the beginning of this opinion we noted that the motion to dismiss, which tested 'the legal sufficiency of the complaint,' performed a function of the demurrer under the former practice. The motion to dismiss, however, will be allowed *only* when, under the former practice, a demurrer would have been sustained because the complaint affirmatively disclosed that the plaintiff had no cause of action against the defendant. *Bagwell v. Brevard,* 256 N.C. 465, 124 S.E. 2d 129; *Gillikin v. Springle,* 254 N.C. 240, 118 S.E. 2d 611; *Turner v. Board of Education,* 250 N.C. 456, 109 S.E. 2d 211. If the complaint disclosed, 'a defective cause of action' no amendment could supply the deficiency, and the action was dismissed. *Skipper v. Cheatham, supra* [249 N.C. 706, 709, 107 S.E. 2d 625, 628]; *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860. If, on the contrary, the complaint contained 'a defective statement of a good cause of action,' that is, if it was deficient in factual allegations which presumably could be supplied, the demurrer was sustained but plaintiff was allowed to amend. *Murray v. Aircraft Corporation,* 259 N.C. 638, 131 S.E. 2d 367.

"When Rule 7(c) abolished demurrers and decreed that pleas 'for insufficiency shall not be used,' it also abolished the concept of 'a defective statement of a good cause of action.' Thus, generally speaking, the motion to dismiss under Rule 12(b)(6) may be successfully interposed to a complaint which states a defective claim or cause of action but not to one which was formerly labeled a 'defective

statement of a good cause of action.' For such complaint, as we have already noted, other provisions of Rule 12, the rules governing discovery, and the motion for summary judgment provide procedures adequate to supply information not furnished by the complaint. *See* the paper delivered by Dean Dickson Phillips, *The Sufficiency of a Pleading as Tested by the Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted*, reported in the proceedings at the North Carolina Bar Association's Institute on the New Rules of Civil Procedure, October 1968, VI 16-19. *See also* Comment upon Rule 12, Vol. 1A, N.C. Gen. Stats., § 1A-1, p. 610."

Applying these principles to the present case: Are the petitioners entitled to any relief under any of the allegations in the petition? We think not.

G.S. 20-166.1 (b) imposes a duty on the operator of a motor vehicle to notify the Department of Motor Vehicles of a collision in which he is involved which results in personal injuries, death or property damage in excess of $100. The operator is required by G.S. 20-279.4 to inform the Department when he notifies it of the accident whether he carried liability insurance or was exempt from the statutory provision.

In the absence of an automobile liability policy or other exceptions in the statute not pertinent to this case, G.S. 20-279.5 provides that "the Commissioner shall determine the amount of security which shall be sufficient in his judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner," and shall within sixty days after report of such motor vehicle accident, "suspend the license of each operator and each owner of a motor vehicle in any manner involved in such accident . . . unless such operator or owner, or both, shall deposit security in the sum so determined by the Commissioner."

G.S. 20-279.7 in part provides:

"Duration of suspension.—The license and nonresident's operating privilege suspended as provided in § 20-279.5 shall remain so suspended and shall not be renewed nor shall any such license be issued to such person until:

"(1) Such person shall deposit or there shall be deposited on his behalf the security required under § 20-279.5; . . . "

Under the express provisions of G.S. 20-279.5, the Commissioner of Motor Vehicles was required to suspend the driver's license of Joseph Wade Forrester, the operator of the uninsured motor vehicle involved in the collision, until the security as fixed by the Commissioner was given. The Commissioner was also required to suspend the driver's license of Warren Forrester as owner, since he held title to the automobile in question and G. S. 20-279.1(9) defines "owner" as the person who holds the legal title to a motor vehicle. See *Insurance Co. v. Insurance Co.*, 279 N.C. 240, 182 S.E. 2d 571 (1971).

When the Forresters failed to give the security as ordered by the Commissioner, and the Commissioner suspended their licenses as he was required to do by G.S. 20-279.5, the petitioners appealed to the Superior Court from this order as authorized by G.S. 20-279.2, which provides that on appeal:

" . . . Except as otherwise provided in this section, upon the filing of the petition herein provided for, the procedure shall be the same as in civil actions.

"The matter shall be heard de novo and the judge shall enter his order affirming the act or order of the Commissioner, or modifying same, including the amount of bond or security to be given by the petitioner. If the court is of the opinion that the petitioner was probably not guilty of negligence or that the negligence of the other party was probably the sole proximate cause of the collision, the judge shall reverse the act or order of the Commissioner. Either party may appeal from such order to the Supreme Court in the same manner as in other appeals from the superior court and the appeal shall have the effect of further staying the act or order of the Commissioner requiring a suspension or revocation of the petitioner's license."

[2] The petitioners did not allege that they were probably not guilty of negligence or that the negligence of the other party was probably the sole proximate cause of the collision, nor did they allege that the amount of the security required was excessive or that such security was not required by the

terms of the statute. There were no allegations which if proved would entitle the petitioners to any relief, and the only relief requested by the petitioners was that the court postpone the posting of the security required by the Commissioner until such time as judgment had been obtained against them by Mrs. Hooks or the estate of Danny Leon Simmons. Neither the Commissioner nor the court had the authority to grant this relief. To so postpone the posting of the required security would be to disregard the express language of G.S. 20-279.5 and G.S. 20-279.7, which provide that on failure to post the security as ordered, the Commissioner *shall* suspend their licenses and that such suspension *shall* continue until the security is given.

Since the petition in this case requested relief not authorized by statute, the petition stated a defective claim in that it requested relief the court was powerless to grant regardless of what facts could be proved.

In granting respondent's motion to dismiss the petitioners' petition, we find no error.

No error.