HAZEL WHITE, BEATRICE McCOY, ARTIS CHADWICK, LINWOOD CHAD—WICK, AND MARY H. WHITE v. DOROTHY PATE, CLERK OF SUPERIOR COURT OF CRAVEN COUNTY; AND S. W. McCOY, FLETCHER McCOY, AND CARLTON WARD, COMMISSIONERS OF THE CORE CREEK DRAINAGE DISTRICT

No. 813SC1140

(Filed 20 July 1982)

Drainage § 4— appointment of drainage commissioners—discretion of clerk—constitutionality of statutes

Provisions of G.S. 156-81(a) and (i) giving clerks of court the discretion to appoint drainage commissioners in lieu of the election thereof are constitutional, and plaintiffs' equal protection rights were not violated by the clerk's appointment of commissioners for their district while commissioners in adjoining districts were chosen by election.

APPEAL by plaintiffs from *Brown, Judge.* Order entered 17 June 1981 in Superior Court, CRAVEN County. Heard in the Court of Appeals 9 June 1982.

This is an appeal from a Rule 12 dismissal of an action challenging the appointment of drainage district commissioners by the Clerk of Court.

In their complaint plaintiffs alleged that they owned land within the Core Creek Drainage District; that defendants were the Clerk of Court and Commissioners of the Drainage District; that the Commissioners owned small amounts of land within the District and large amounts outside the District which were benefited by the drainage activities of the District; that landowners inside the District were assessed for drainage works while those outside the District who benefit from the drainage projects were not so assessed; that plaintiffs have repeatedly requested that the District be enlarged but the Commissioners have refused to act; that the District has undertaken work which primarily benefited land outside the District without following the statutory procedure for approving such work; and that the Commissioners have not filed annual reports. Plaintiffs further al-

leged that they have been denied due process and equal protection under the law by the appointment of commissioners by the Clerk of Court rather than election by residents in the District as is done in some adjoining counties. Plaintiffs prayed for a permanent injunction restraining the appointment of commissioners and an order that commissioners be elected to their positions.

Defendants filed motions to dismiss. On 7 June 1981 the court dismissed the complaint on the grounds of lack of subject matter jurisdiction since the Clerk of Court has original jurisdiction over the matter; failure to state a claim upon which relief can be granted in that G.S. 156-81 provides for appointment of commissioners by the Clerk of Court; and failure to join as necessary parties all other landowners in the Drainage District. Plaintiffs appeal from the entry of the order of dismissal.

*Attorney General Edmisten by Deputy Attorney General Millard R. Rich, Jr., for defendant appellee Dorothy Pate, Clerk of Superior Court, Craven County.*

*Smith, Patterson, Follin, Curtis, James and Harkavy by Norman B. Smith for plaintiff appellants.*

*Ward and Smith by William Joseph Austin, Jr., for defendant appellees, the Commissioners of the Core Creek Drainage District.*

CLARK, Judge.

We elect to proceed directly to the constitutional question without considering whether the trial court erred in the rulings relating to collateral attack and to joinder of necessary parties. Plaintiffs here contend that G.S. 156-81, which provides for election of drainage commissioners, or their appointment by the Clerk of Superior Court is unconstitutional in that it deprives them of voting rights given landowners in other districts of the State where the commissioners are elected. We disagree.

As a general rule, our courts give deference to the legislature and indulge every presumption in favor of the constitutionality of statutes. *Marks v. Thompson,* 282 N.C. 174, 192 S.E. 2d 311 (1972). The provisions of G.S. 156-81(a) and (i) which give the Clerk of Superior Court the discretionary authority to appoint drainage commissioners apply statewide. *Nesbit v. Kafer,*

222 N.C. 48, 21 S.E. 2d 903 (1942). Every Clerk of Court in a county in which a drainage district is located has the same authority. Therefore, the law applies uniformly to all eligible counties in this State. *See Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E. 2d 18 (1968). The result would be different if the statute mandated election of commissioners in some districts and appointment in other districts, since all counties would not be treated the same.

We, therefore, hold that G.S. 156-81(a) and (i) which provide for the appointment of drainage commissioners by the clerk are constitutional and do not violate plaintiffs' equal protection rights under the United States and North Carolina Constitutions. We find that the Clerk of Craven County properly exercised her discretionary authority to appoint the drainage district commissioners. Neither mandamus nor a mandatory injunction may be issued to control the manner of a public official's exercise of a discretionary duty. *Electric Co. v. Turner,* 275 N.C. 493, 168 S.E. 2d 385 (1969). It follows that plaintiffs' complaint states a defective claim in that it requested relief—that the clerk be enjoined from appointing commissioners and that the defendants be enjoined from accepting appointment—which the court was powerless to grant regardless of what facts could be proved. *See Forrester v. Garrett, Comr. of Motor Vehicles,* 280 N.C. 117, 184 S.E. 2d 858 (1971).

The order of dismissal is

Affirmed.

Judges WEBB and WHICHARD concur.