SHELIA D.P. LEA, INDIVIDUALLY AND AS THE PRESIDENT OF THE GUILFORD COUNTY ASSOCIATION OF EDUCATORS, ELIZABETH H. SEEL, CATHERINE L. HAZELTON, EDWARD C. McMILLAN, III, GUILFORD COUNTY ASSOCIATION OF EDUCATORS, AND THE NORTH CAROLINA ASSOCIATION OF EDUCATORS, PLAINTIFFS-APPELLANTS v. DR. TERRY GRIER, SUPERINTENDENT, PUBLIC SCHOOLS OF GUILFORD COUNTY, IN HIS OFFICIAL CAPACITY ONLY, AND GUILFORD COUNTY BOARD OF EDUCATION, DEFENDANTS-APPELLEES

No. COA02-538

(Filed 18 March 2003)

**1. Schools and Education— restructuring school calendar— minimum hours of school instruction**

A de novo review revealed that the trial court did not err by granting the school board's motion to dismiss claims by teachers for declaratory, injunctive, and monetary relief for alleged violations of N.C.G.S. §§ 115C-84.2 and 115C-301.1 regarding defendant school board's restructuring of the school calendar to satisfy statutory requirements for the minimum hours of school instruction for the 1999-2000 school year, because: (1) the teachers failed to allege that the school board has continued or will continue violating the mandates of sections 115C-84.2 and 115C-301.1 in order to get declaratory relief; and (2) the teachers' request for monetary or injunctive relief could not be fulfilled when N.C.G.S. §§ 115C-84.2 and 115C-301.1 do not enunciate an explicit or implicit intent on the part of the General Assembly to create a statutory protection for teachers.

**2. Constitutional Law— equal protection—differential treatment among schools**

The trial court did not err by dismissing plaintiff teachers' claims under the Equal Protection Clause of the United States and North Carolina Constitutions alleging that defendant school board failed to adopt a uniform policy applicable to all teachers regarding the restructuring of the school calendar to satisfy statutory requirements for the minimum hours of school instruction for the 1999-2000 school year, because the teachers failed to allege an essential element of an equal protection claim that there was arbitrary or irrational state action.

**3. Schools and Education— breach of contract—restructuring school calendar**

The trial court erred by dismissing plaintiff teachers' breach of contract claim regarding defendant school board's restructur-

ing of the school calendar to satisfy statutory requirements for the minimum hours of school instruction for the 1999-2000 school year which caused the teachers to work six more days than required by law, because the teachers' contractual rights create a private right of action independent of statutes and constitutions.

**4. Parties— dismissal—lack of standing**

The trial court did not err by dismissing the North Carolina Association of Educators (NCAE) as a party-plaintiff based on lack of standing because NCAE was only seeking injunctive and declaratory relief for violations of N.C.G.S. §§ 115C-84.2 and 115C-301.1, and the Court of Appeals held that plaintiff teachers are not entitled to either declaratory or private relief under those statutes.

Appeal by plaintiffs from Order entered 16 January 2002 by Judge Russell G. Walker, Jr., in Superior Court, Guilford County. Heard in the Court of Appeals 12 February 2003.

*Ferguson, Stein, Chambers, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham and Corie Pauling, for plaintiffs-appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jill R. Wilson and James C. Adams, II, for defendants-appellees.*

WYNN, Judge.

In the aftermath of Hurricane Floyd, the Guilford County Board of Education ("the Guilford County School Board") restructured the school calendar to satisfy statutory requirements for the minimum hours of school instruction. Appellants, four Guilford County teachers and the North Carolina Association of Educators (collectively "the teachers"), brought an action alleging the calendar restructuring violated their constitutional, statutory, and contractual rights. From the dismissal of their claims under Rule 12(b)(6), the teachers appeal to this Court. We find no error with respect to the dismissal of the teachers' statutory and constitutional claims; however, we remand with instructions to reinstate the teachers' breach of contract claims.

I. Facts

The underlying facts to this appeal tend to show that at the outset of the 1999-2000 school year, the provisions of N.C. Gen. Stat. § 115C-84.2 (1999) provided that:

(a)  School Calendar—Each local board of education shall adopt a school calendar consisting of 220 days . . . . A school calendar shall include the following: (1) A minimum of 180 days and 1,000 hours of instruction . . . . (2) A minimum of 10 annual vacation leave days . . . . (3) The same or an equivalent number of legal holidays . . . . (4) Ten days, as designated by the local board, for use as teacher workdays . . . .

. . . .

(b)  Limitations.—The following limitations apply when developing the school calendar: (1) The total number of teacher workdays . . . shall not exceed 200 days.

After the devastation of Hurricane Floyd, the North Carolina General Assembly recognized that many school districts had lost a significant number of instructional days and faced problems in meeting the required minimum of 180 instructional days. Accordingly, the General Assembly enacted the "Hurricane Floyd Recovery Act of 1999" which amended the school calendar by providing for "a minimum of *either* 180 days *or* 1,000 hours of instruction." N.C. Gen. Stat. § 115C-84.2(a)(1)(a) (1999) (emphasis added). The Floyd Recovery Act, however, did not amend any other provisions of N.C. Gen. Stat. § 115C-84.2.

By February 2000, the Guilford County School Board was forced to cancel a total of twelve instructional days because of weather conditions including Hurricane Floyd. Consequently, the existent school calendar dropped to 168 days and less than 1,000 hours of instruction. To meet the statutory hours minimum, the Guilford County School Board voted on 3 February 2000 to (1) add thirty minutes of instructional time to each school day, (2) alter six scheduled teacher workdays to instructional days, and (3) various other measures. These modifications allowed the Guilford County School Board to provide 1,000 instructional hours in 174 days.[1]

In their 4 January amended complaint, the teachers alleged that as a result of the modifications, they were (1) required to work extra hours without compensation; (2) forced to forfeit planning peri-

---

1. The teachers allege in their amended complaint that the 174 days of instruction, when considered "in light of the amended statute . . . [and] the facts of this case . . . [should be considered] . . . the equivalent of 180 instructional days worked by the teachers regardless of the number of days in which they were completed."

ods in violation of N.C. Gen. Stat. § 115C-301.1;[2] and (3) required to work 206 days, six more than permitted, respectively, by N.C. Gen. Stat. §§ 115C-84.2(4-5), 115C-84.2(a), and 115C-84.2(b)(1),[3] because the "Board's actions brought the total number of teacher workdays to 26 days, [and] increased the school calendar to 226 days." Furthermore, the teachers alleged that a number of schools under the Guilford County School Board's authority "acknowledged that the increase in instructional time of thirty minutes each day also increased teachers' overall workloads and thus allowed teachers to use this additional time to substitute for optional workdays." The teachers contended the failure of the Guilford County School Board to adopt a uniform policy applicable to all teachers contravened the equal protection guarantees of the United States and North Carolina Constitutions.

Based on these modifications, the teachers initially sued the Guilford County School Board in 2000; voluntarily dismissed the action without prejudice; and on 24 September 2001, re-filed the action under Rule 41(a) seeking declaratory, injunctive, and monetary relief for alleged violations of statutory, constitutional, and contract law. On 26 November 2001, the Guilford County School Board filed a motion to dismiss under Rule 12(b)(6) of North Carolina's Rules of Civil Procedure for failure to state a claim upon which relief could be granted. On 16 January 2002, the trial court granted the Guilford County School Board's motion to dismiss and dismissed all of the teachers' claims with prejudice. From that dismissal, the teachers timely filed a Notice of Appeal making four assignments of error.[4]

---

2. N.C. Gen. Stat. § 115C-301.1, provides that

All full-time assigned classroom teachers shall be provided a daily duty free period during regular student contact hours. The duty free period shall be provided to the maximum extent . . . the safety and proper supervision of children may allow . . . and insofar as funds are provided for this purpose by the General Assembly. . . . Principals shall not unfairly burden a given teacher by making that teacher give up his or her duty free period on an ongoing period, regular basis without the consent of the teacher.

3. Again, the teachers arrive at these numbers by equating 1,000 hours of instruction in 174 days with 180 days of instruction. *See supra.*

4. On 17 July 2002, the teachers filed a motion to amend the record to include the following assignment of error: "The trial court erred in granting Defendants' Motion to Dismiss because Defendants breached Plaintiffs' employment contracts." Herein, we grant this motion to amend, and will, consequently, consider appellants' revised and amended fifth assignment of error.

LEA v. GRIER

[156 N.C. App. 503 (2003)]

## II. Statutory Claims

**[1]** By their first two assignments of error, the teachers contend the trial court erred in granting the Guilford County School Board's motion to dismiss because the teachers stated a cognizable claim for declaratory, injunctive, and monetary relief for violations of N.C. Gen. Stat. §§ 115C-84.2 and 115C-301.1. We disagree, and will address the standard of review, and the teachers' claims for declaratory and private relief, in turn.

### A. Standard of Review

We review de novo the grant of a motion to dismiss. *See e.g., McCarn v. Beach,* 128 N.C. App. 435, 437, 496 S.E.2d 402, 404 (1998). A motion to dismiss made pursuant to . . . Rule 12(b)(6) tests the legal sufficiency of the complaint. *See e.g., Harris v. NCNB Nat'l Bank,* 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). "The system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." *Ladd v. Estate of Kellenberger,* 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (citations omitted). Accordingly, when entertaining "a motion to dismiss, the trial court must take the complaint's allegations as true and determine whether they are sufficient to state a claim upon which relief may be granted under some legal theory." *Boyce & Isley, PLLC v. Cooper,* 153 N.C. App. 25, 28, 568 S.E.2d 893, 897 (2002) (citations omitted). "This rule . . . generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." *Ladd,* 314 N.C. at 481, 334 S.E.2d at 755. However, where the "requested relief [is] not authorized by statute, the [complaint is necessarily]" defective because "the court [is] powerless to grant [the relief] regardless of what facts could be proved." *Forrester v. Garrett,* 280 N.C. 117, 122, 184 S.E.2d 858, 861 (1971).

### B. Declaratory Relief

North Carolina's Declaratory Judgment Act provides that: "Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2002). "Although the North Carolina Declaratory Judgment Act does not state specifically that an actual controversy between the parties is a jurisdictional prerequisite to an action thereunder, our case law does impose such a requirement." *Sharpe v. Park Newspapers of Lumberton, Inc.,* 317 N.C. 579, 583, 347

S.E.2d 25, 29 (1986). Accordingly, where "the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under . . . Rule 12(b)(6)·will be granted." *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234-35, 316 S.E.2d 59, 62 (1984).

In this case, the teachers failed to allege "an actual genuine existing controversy." The teachers alleged that the Guilford County School Board violated the mandates of N.C. Gen. Stat. §§ 115C-84.2 and 115C-301.1 during the 1999-2000 school year. Although the teachers state in their amended complaint that "the actions of [the Guilford County School Board], *if allowed to continue*, have created a legal controversy . . . and will lead to unavoidable litigation," the teachers failed to allege that the Guilford County School Board *has* continued, or *will continue*, violating the mandates of Sections 115C-84.2 and 115C-301.1. Our Supreme Court has made it eminently clear that "a litigant [who] seeks relief under the declaratory judgment statute, must set forth in [the] pleading all facts necessary to disclose the existence of an actual controversy between the parties." *Lide v. Mears*, 231 N.C. 111, 118, 56 S.E.2d 404, 409 (1949). Here, the teachers did not meet this threshold burden. Accordingly, the trial court properly dismissed the teachers' request for declaratory relief under the aforementioned statutes.

### C. Private Right of Action

Next, the teachers sought injunctive and private relief under N.C. Gen. Stat. §§ 115C-84.2 or 115C-301.1. However, "[o]ur case law generally holds that a statute allows for a private cause of action only where the legislature has expressly provided a private cause of action within the statute." *Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 339, 511 S.E.2d 41, 44 (1999). Here, neither Section 115C-84.2 nor Section 115C-301.1 expressly creates a private cause of action. Moreover, appellants have failed to make any arguments that N.C. Gen. Stat. §§ 115C-84.2 or 115C-301.1 implicitly create a private right of action.

Nonetheless, the teachers rely on our decision in *Williams et. al. v. Alexander County Bd. of Educ.*, 128 N.C. App. 599, 495 S.E.2d 406, for the proposition that a private right of action exists under Sections 115C-84.2 and 115C-301.1. In *Williams*, however, the statute, N.C. Gen. Stat. § 15C-363 (1991) (repealed 1992), implicitly created a private right of action by *requiring* school boards to *pay* specific sums *to* teachers participating in the Effective Teaching Training Program. *See* N.C. Gen. Stat. § 115C-363.11 (repealed 1992) (providing that: "If

the pilot programs established pursuant to the provisions of G.S. § 115C-363 are discontinued, any employee who has received a salary increment pursuant to the Career Development Plan *shall* continue to be paid the salary increment") (emphasis added). In *Williams*, the school board refused to pay teachers vested in the pilot program the salary, bonuses, and supplements which they were statutorily entitled to receive after the program was discontinued. We reversed the trial court's summary judgment, because "[t]he statutes without a doubt enunciate the intent of the General Assembly . . . to create statutory protection for teachers." *Williams*, 128 N.C. App. at 604, 495 S.E.2d at 409. In the case *sub judice*, the statutes at issue do not enunciate an explicit or implicit intent on the part of the General Assembly to create a statutory protection for teachers. Accordingly, the teachers reliance on *Williams* is misplaced.

We, therefore, must hold that the trial court did not err by dismissing the teachers' requests for monetary and/or injunctive relief under the aforementioned statutes.

### III. Constitutional Claims

**[2]** By their third assignment of error, the teachers contend the trial court erred in dismissing their claims under the Equal Protection Clause of the United States and North Carolina Constitutions. We disagree.

"Arbitrary and capricious acts by [the] government are [] prohibited under the Equal Protection Clauses of the United States and the North Carolina Constitutions." *Dobrowolska v. Wall*, 138 N.C. App. 1, 14, 530 S.E.2d 590, 599 (2000); *see also* U.S. Const. amend. XIV, § 1; N.C. Const. art. 1, § 19. The equal protection "principle requires that all persons similarly situated be treated alike." *Wall*, 138 N.C. App. at 14, 530 S.E.2d at 599 (citing *Richardson v. N.C. Dept. of Correction*, 345 N.C. 128, 134, 478 S.E.2d 501, 505 (1996)). Accordingly, to state an equal protection claim, a claimant must allege (1) the government (2) arbitrarily (3) treated them differently (4) than those similarly situated.

In this case, the teachers allege that some schools (but not all) under the Guilford County School Board's authority decided to allow teachers to count the accumulation of time, caused by the extra thirty minute period, as optional workdays. The teachers allege that the Guilford County School Board's failure to adopt a uniform policy applicable to all teachers violates the equal protection guarantees of

the United States and North Carolina Constitutions. However, North Carolina statutes expressly authorize differential treatment among schools in the same administrative unit. For instance, N.C. Gen. Stat. § 115C-84.2(a)(1a) (1999) specifically provides that "the number of instructional hours in an instructional day may vary according to local school board policy and does not have to be uniform among the schools in the [same] administrative unit." Furthermore, N.C. Gen. Stat. §§ 115C-84.2(a)(4) and (5) provide that "[a] school board may schedule different purposes for different personnel on any given day and is not required to schedule the same dates for all personnel."

Accordingly, this differential treatment was permitted by North Carolina statutory law. Of course, this is not fatal to the teachers' equal protection claims. *See e.g., Reed v. Reed,* 404 U.S. 71, 75-76 (1971) ("The Equal Protection Clause . . . [does not allow] States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute."). Nevertheless, because the teachers concede at oral argument that they are not mounting a facial challenge to the statutes permitting differential treatment among teachers under one school board's authority, a presumption exists that this differential treatment, permitted by statutes duly enacted by the General Assembly, have a rational, rather than arbitrary, basis. *See e.g., Peoples' Bank v. Loven,* 172 N.C. 666, 670, 90 S.E. 948, 950 (1916).

However, in their amended complaint, the teachers failed to allege that the Guilford County School Board exceeded its authority under the aforementioned statutes, acted arbitrarily, or that the challenged differential treatment was unrelated to the statutory objectives. Accordingly, the teachers' allegations, even when assumed correct and construed most favorably, merely express disconcert with actions wholly consistent with the Guilford County School Board's authority under state law. Because the teachers failed to allege an essential element of an equal protection claim, arbitrary or irrational state action, their equal protection claims were properly dismissed and this assignment of error is overruled.

## IV. Contract Claims

[3] By their fifth assignment of error, the teachers argue that the trial court erred in dismissing their breach of contract claims. We agree.

In their complaint, the teachers allege that the Guilford County School Board's "unlawful acts violated the terms of [the teachers'] valid contracts of employment." Specifically, the teachers allege that their contracts with the Guilford County School Board "mandate . . . compliance with state law," and, consequently, the Guilford County School Board's unlawful acts constituted a breach of contract.[5] This breach caused damage, the teachers allege, because the Guilford County School Board's modifications of the school calendar required them to work six more days than required by law. Taking the teachers' allegations as true, "we conclude that the breach of contract claim as alleged in the complaint was sufficient to withstand [the Guilford County School Board's] . . . motion to dismiss." *Brandis v. Lightmotive Fatman*, 115 N.C. App. 59, 62, 443 S.E.2d 887, 888 (1994). Accordingly, we remand with instructions to reinstate the teachers' breach of contract claims.

## V. Association Standing

**[4]** Finally, the teachers argue the trial court erred by dismissing the North Carolina Association of Educators as a party-plaintiff for lack of standing. On appeal, the teachers contend the North Carolina Association of Educators is only seeking injunctive and declaratory relief for violations of N.C. Gen. Stat. §§ 115C-84.2 and 115C-301.[6] We held *supra*, however, that the teachers are entitled to neither declaratory nor private relief pursuant to Section 115C-84.2 or Section 115C-301.1. Accordingly, because the North Carolina Association of Educators concedes on appeal that it seeks only declaratory and injunctive relief pursuant to these statutes for its membership, it is no longer necessary to resolve this assignment of error.

Affirmed in part, reversed in part, and remanded.

Judges TIMMONS-GOODSON and LEVINSON concur.

5. The Guilford County School Board argues this issue is inextricably bound to our resolution of the teachers' statutory and constitutional claims. For instance, the Guilford County School Board contends that if we find no private right of action pursuant to N.C. Gen. Stat. § 115C, then we should find that appellants have failed to state a valid contract claim. However, we disagree. Rather, the teachers' contractual rights create a private right of action independent of statutes and constitutions.

6. Although in their amended complaint the teachers do not limit the North Carolina Association of Educator's participation in the class action to injunctive and declaratory relief, in a stipulation filed before the hearing on the Guilford County School Board's motion to dismiss, and again on appeal, the teachers expressly assert

---

that the "North Carolina Association of Educators as a plaintiff in this matter does not seek damages on behalf of the Association, but does seek declaratory and injunctive relief as set out in the complaint."