MACON COUNTY, ET AL., PLAINTIFFS v. THE TOWN OF HIGHLANDS, DEFENDANT

No. COA06-1634

(Filed 18 December 2007)

**1. Counties— challenge to town's extraterritorial jurisdiction—real parties in interest**

The trial court correctly held that Macon County and its Commissioners were not real parties in interest to an action in which Macon County and others challenged defendant town's exercise of extraterritorial jurisdiction. The town did not take the property by eminent domain, and the County did not lose its ability to assess ad valorem taxes.

**2. Cities and Towns— extraterritorial jurisdiction—proportional representation**

The trial court did not err by granting defendant's motion for summary judgment in an action challenging defendant town's

exercise of its extraterritorial jurisdiction. Although N.C.G.S. § 160A-362 does not define the means to be used to provide proportional representation, matters of local concern are left largely to the judgment and discretion of a town government unless its acts are manifestly unreasonable and oppressive.

**3. Cities and Towns— extraterritorial jurisdiction— appointments**

There was no merit in an argument that the amended ordinances of a town exercising its extraterritorial jurisdiction did not comply with the requirements of N.C.G.S. § 160A-362 concerning appointments.

Appeal by plaintiffs from order entered 13 September 2006 and judgment entered 3 November 2006, both by Judge Dennis J. Winner in Macon County Superior Court. Heard in the Court of Appeals 23 August 2007.

*Rickey L. Moorefield, for plaintiff-appellants.*

*Coward, Hicks & Siler, P.A., by William H. Coward, for defendant-appellee.*

ELMORE, Judge.

Macon County (the County); Daniel A. Bryson, Charles D. Leatherman, Robert L. Simpson, Jay Dee Shepherd, and James W. Davis, in their official capacities as Commissioners of the County; and Daniel A. Bryson (plaintiff Bryson), in his individual capacity (collectively, plaintiffs) appeal a 13 September 2006 order and a 3 November 2006 judgment.

On 16 November 2005, the Town of Highlands (defendant) exercised its powers of extraterritorial jurisdiction by enacting an ordinance establishing its extraterritorial jurisdiction to include certain property within one mile of its city limits pursuant to N.C. Gen. Stat. § 160A-360. Defendant adopted a resolution on 7 December 2005 that specified that two regular members of the Highlands Planning Board will reside within the Macon County portion of the extraterritorial jurisdiction of the Town of Highlands.

Plaintiffs sued defendant and prayed for the following relevant relief:

1. The Court declare the rights and obligations of the parties with respect to the number of members each shall be entitled to

appoint to Defendant's Planning Board and Zoning Board of Adjustment pursuant to N.C.G.S. § 160A-362.

2. The Court enjoin Defendant from adopting any ordinance that purports to apply within Defendant's extraterritorial jurisdiction until such time as the Court has declared the rights and obligations of the parties with respect to the matters about which complaint is made.

On 13 September 2006, the trial court dismissed the claims of all plaintiffs except plaintiff Bryson (collectively, the County plaintiffs) because it found that the other plaintiffs were not real parties in interest and therefore had failed to state a claim upon which relief could be granted. On 3 November 2006, the trial court granted defendant's motion for summary judgment against plaintiff Bryson. Plaintiffs now appeal.

The 13 September 2006 Order

**[1]** The County plaintiffs argue that the trial court erred by granting defendant's pre-trial 12(b)(6) motion and dismissing their claims. We disagree.

"We review *de novo* the grant of a motion to dismiss. . . . Accordingly, when entertaining a motion to dismiss, the trial court must take the complaint's allegations as true and determine whether they are sufficient to state a claim upon which relief may be granted under some legal theory." *Lea v. Grier*, 156 N.C. App. 503, 507, 577 S.E.2d 411, 414-15 (2003) (citations and quotations omitted).

[O]ur Supreme Court has stated that for purposes of reviewing a 12(b)(6) motion made on the grounds that the plaintiff lacked standing, '[a] real party in interest is a party who is benefitted or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject-matter of the litigation.'

*Woolard v. Davenport*, 166 N.C. App. 129, 135, 601 S.E.2d 319, 323 (2004) (quoting *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000)) (additional citation omitted).

The statute at issue here is N.C. Gen. Stat. § 160A-362, which proscribes how a city that exercises its extraterritorial jurisdiction "shall . . . provide a means of proportional representation based on popula-

tion for residents of the extraterritorial area to be regulated." N.C. Gen. Stat. § 160A-362 (2005). The statute provides, in relevant part:

> Representation shall be provided by appointing at least one resident of the entire extraterritorial zoning and subdivision regulation area to the planning board and the board of adjustment that makes recommendations or grants relief in these matters. For purposes of this section, an additional member must be appointed to the planning board or board of adjustment to achieve proportional representation only when the population of the entire extraterritorial zoning and subdivision area constitutes a full fraction of the municipality's population divided by the total membership of the planning board or board of adjustment. Membership of joint municipal county planning agencies or boards of adjustment may be appointed as agreed by counties and municipalities. . . . The representatives on the planning board and the board of adjustment shall be appointed by the board of county commissioners with jurisdiction over the area. When selecting a new representative to the planning board or to the board of adjustment as a result of an extension of the extraterritorial jurisdiction, the board of county commissioners shall hold a public hearing on the selection. . . . The board of county commissioners shall select appointees only from those who apply at or before the public hearing. The county shall make the appointments within 45 days following the public hearing. Once a city provides proportional representation, no power available to a city under G.S. 160A-360 shall be ineffective in its extraterritorial area solely because county appointments have not yet been made. If there is an insufficient number of qualified residents of the area to meet membership requirements, the board of county commissioners may appoint as many other residents of the county as necessary to make up the requisite number. . . . If a board of county commissioners fails to make these appointments within 90 days after receiving a resolution from the city council requesting that they be made, the city council may make them.

N.C. Gen. Stat. § 160A-362 (2005).

The County argues that it is a real party in interest because "the legislature has statutorily granted Macon County the substantive right to provide input, through its ETJ appointees, into the character and application of the zoning established in the Town's extraterritorial jurisdiction." They reason that because section 160A-362 "grants the

right to make the appointments as a legal right to Macon County through its Board of Commissioners, and not to property owners or residents within the county," defendant's actions harmed the County's interest of using its statutorily granted appointment power.

The County relies on *County of Johnston v. City of Wilson*, 136 N.C. App. 775, 525 S.E.2d 826 (2000), and *Orange County v. Dept. of Transportation*, 46 N.C. App. 350, 265 S.E.2d 890 (1980), to support its position. In *County of Johnston*, this Court held that Johnston County was a real party in interest to a suit against the City of Wilson to enjoin the city from continuing condemnation proceedings against thirty-four Johnston County landowners. *County of Johnston*, 136 N.C. App. at 779, 525 S.E.2d at 829. The city planned to take the land, which abutted Buckhorn Reservoir, by eminent domain, and then flood the land by raising the reservoir's water level. *Id.* at 777, 525 S.E.2d at 827-28. We held that Johnston County, "through its Board of Commissioners, was statutorily granted the substantive right to protect its citizens from unlawful takings by contiguous local governments," and "the County itself was potentially aggrieved by the affect on its *ad valorem* tax base." *Id.* at 779, 525 S.E.2d at 829 (citations omitted). As such, Johnston County was a real party in interest to the action. *Id.*

We distinguish *Johnston County* from the case at hand because defendant is not taking property from Macon County landowners by eminent domain. Defendant is instead exercising its extraterritorial powers under N.C. Gen. Stat. § 160A-360. The statute provides several safeguards to prevent a city from encroaching upon the regulatory power of a county, none of which are at issue in this action. *See, e.g.*, N.C. Gen. Stat. § 160A-360(e) (2005) ("No city may hereafter extend its extraterritorial powers . . . into any area for which the county at that time has adopted and is enforcing a zoning ordinance and subdivision regulations and within which it is enforcing the State Building Code."). The County has not alleged that it has a statutorily granted substantive right to protect its citizens from extraterritorial zoning.

In *Orange County*, this Court held that Orange County had standing to pursue "temporary and permanent injunctive relief to restrain [the Department of Transportation *et alia*] from exceeding their constitutional and statutory authority in connection with the approval process for Interstate Route 40, from Interstate Route 85 west of Durham to Interstate Route 40 southeast of Durham in Durham and Orange Counties." *Orange County*, 46 N.C. App. at 354, 265 S.E.2d at

895. We held that Orange County was an aggrieved party because "its tax base and planning jurisdiction would . . . be affected by the proposed highway." *Id.* at 361, 265 S.E.2d at 899.

The County here claims that its tax base and planning jurisdiction would be similarly affected, but states no legal or factual basis for that claim. In the cases discussed above, Johnston County and Orange County stood to literally lose significant portions of their taxable land. The City of Wilson planned to submerge 400 acres of Johnston County, and Orange County lost the land now covered by I-40 and its attendant buffers. A county does not lose its ability to assess *ad valorem* taxes merely through the exercise of a city's extraterritorial jurisdiction. *See, e.g., In re Appeal of Parsons*, 123 N.C. App. 32, 33-34, 472 S.E.2d 182, 184 (1996) (stating that Wake County assessed and collected *ad valorem* taxes on land located in Raleigh's extraterritorial area). Furthermore, extraterritorial jurisdiction was not at issue in either *Orange County* or *Johnston County*. Accordingly, we affirm the order of the trial court holding that Macon County is not a real party in interest to the action.

We turn now to the Macon County Commissioners' claim that they are real parties in interest. They state in their brief that they "acknowledge that present law does not support the argument that they are real parties in interest," but "they urge the Court to recognize that the injury of which they complain is real and substantial, thereby affording them that status." We decline to do so, and instead affirm the trial court's order holding that the Macon County Commissioners, with the exception of plaintiff Bryson, are not real parties in interest.

The 3 November 2006 Judgment

[2] Plaintiff Bryson argues that the trial court erred by granting defendant's motion for summary judgment because there are genuine controversies as to (1) the meaning of the word "population" in N.C. Gen. Stat. § 160A-362, and (2) whether defendant complied with N.C. Gen. Stat. § 160A-362 when it adopted amendments to its extraterritorial jurisdiction ordinance. We disagree and affirm the judgment of the trial court that there is no genuine issue of material fact.

"The standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Papadopoulos v. State Capital Ins. Co.*, 183 N.C. App. 258, 262, 644 S.E.2d 256, 259 (2007) (quotations and citation omitted).

The statute in question, N.C. Gen. Stat. § 160A-362, states that "a city . . . shall . . . provide a means of proportional representation based on population for residents of the extraterritorial area to be regulated." N.C. Gen. Stat. § 160A-362 (2005). The statute does not define what means should be used. However, our Supreme Court has stated, "It is often said that matters of local concern are and should be left largely to the judgment and discretion of a town government and that the courts will not interfere with their acts unless they are *manifestly unreasonable and oppressive.*" *Clark's Greenville, Inc. v. West*, 268 N.C. 527, 531, 151 S.E.2d 5, 8 (1966) (citations and quotations omitted) (emphasis added). Plaintiff Bryson has not demonstrated that defendant's method was unreasonable, nor has he demonstrated that a city cannot provide its own means of proportional representation. The statute plainly states that a city shall provide its own means of proportional representation, and we, like the trial court, decline to read the statute otherwise.

**[3]** Plaintiff Bryson also contends that defendant's amended ordinances did not comply with the requirements of N.C. Gen. Stat. § 160A-362. He argues that defendant's "Amended Ordinances establish that the Board of Commissioners, meaning the Board of Town Commissioners, makes all the appointments." Plaintiff Bryson fails to present adequate support for this argument, and as such we find it lacks merit.

Accordingly, we affirm the order and the judgment of the trial court.

Affirmed.

Judges STEELMAN and STROUD concur.