NO. COA13-755

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

ELIZA ANN WESTLAKE,
    Plaintiff-Appellee,

    v.                     Mecklenburg County
                                 No. 08 CVD 17227
EDWIN ALBERT WESTLAKE,
    Defendant-Appellant.


On writ of certiorari from order entered 1 June 2012 by Judge Ronald L. Chapman in District Court, Mecklenburg County and appeal by Defendant from order entered 6 November 2012 by Judge Ronald L. Chapman in District Court, Mecklenburg County. Heard in the Court of Appeals 10 December 2013.

    *Krusch & Sellers, P.A., by Rebecca K. Watts, for Plaintiff-Appellee.*

    *Thurman, Wilson, Boutwell & Galvin, P.A., by John D. Boutwell, for Defendant-Appellant.*


    McGEE, Judge.


Eliza Ann Westlake ("Plaintiff") filed a complaint on 31 July 2008 against Edwin Albert Westlake ("Defendant") seeking, *inter alia*, equitable distribution, child custody, and child support. The trial court entered an "Order for Permanent Custody and Temporary Child Support" on 22 March 2010.

On 16 April 2012, Defendant filed an "Emergency Motion for Contempt for Interstate Custodial Interference." Plaintiff filed a motion to dismiss, which the trial court granted in an order entered 1 June 2012, dismissing Defendant's motion for "failure to state a claim upon which relief can be granted."

Defendant filed a motion for reconsideration on 25 May 2012, which the trial court dismissed with prejudice in an order entered 6 November 2012. The trial court concluded that "North Carolina is no longer a convenient forum for the parties and it is no longer appropriate for [the trial court] to exercise jurisdiction." The trial court also concluded that "Defendant's Motion for Reconsideration does not state any grounds upon which relief can be granted."

Defendant, acting *pro se*, filed notice of appeal from the 6 November 2012 order. Defendant subsequently filed a petition for writ of certiorari from the 1 June 2012 order. In our discretion, we grant Defendant's petition to review the 1 June 2012 order.

## I. Defendant's Motion for Contempt

### A. Notice of Plaintiff's Motion to Dismiss

Defendant first contends Plaintiff failed to give Defendant sufficient notice of her motion to dismiss. Defendant's "motion for contempt for interstate custodial interference" was set for

hearing 14 May 2012. That day, Plaintiff filed a motion to dismiss Defendant's motion. The certificate of service indicates Plaintiff served the motion to dismiss on Defendant via hand delivery on 14 May 2012. The trial court entered an order on 1 June 2012, dismissing Defendant's motion for failure to state a claim upon which relief could be granted.

Defendant acknowledges the North Carolina Rules of Civil Procedure permit a party to raise the "defense of failure to state a claim upon which relief can be granted . . . at the trial on the merits." N.C. Gen. Stat. § 1A-1, Rule 12(h)(2) (2011). "Unquestionably, a motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12(b)(6), can be made as late as trial upon the merits." *Bodie Island Beach Club Ass'n, Inc. v. Wray*, ___ N.C. App. ___, ___, 716 S.E.2d 67, 75 (2011). Therefore, both statute and case law indicate Plaintiff's motion was timely.

Nevertheless, Defendant requests this Court to hold that "when such a motion to dismiss is not an oral motion but is in the form of a written motion . . . it should be subject to the notice requirements of Rule 6(d)[.]" This we decline to do. Furthermore, even assuming *arguendo* that Plaintiff's motion to dismiss was not timely served on Defendant, Defendant has not shown that he was prejudiced. "The party asserting error must

show from the record not only that the trial court committed error, but that the aggrieved party was prejudiced as a result." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986); *see also* N.C. Gen. Stat. § 1A-1, Rule 61 (2011). Defendant asserts only that he "was not given sufficient time to prepare[.]" Defendant does not argue he would have taken any action differently or made any additional arguments at the hearing if he had been served earlier. Defendant thus has not shown reversible error on this basis.

## B. Merits of Plaintiff's Motion to Dismiss

Defendant next argues the trial court erred in dismissing his motion for contempt. The trial court dismissed Defendant's motion for contempt "for failure to state a claim upon which relief can be granted."

"The system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." *Lea v. Grier*, 156 N.C. App. 503, 507, 577 S.E.2d 411, 415 (2003). "Accordingly, when entertaining a motion to dismiss, the trial court must take the complaint's allegations as true and determine whether they are sufficient to state a claim upon which relief may be granted under some legal theory." *Id.* (internal quotation marks omitted). "This rule . . . generally precludes dismissal except in those

instances where the face of the complaint discloses some insurmountable bar to recovery." *Id.* (alterations in original).

"An order providing for the custody of a minor child is enforceable by proceedings for civil contempt, and its disobedience may be punished by proceedings for criminal contempt, as provided in Chapter 5A, Contempt, of the General Statutes." N.C. Gen. Stat. § 50-13.3(a) (2011). In small print on the first page of his motion for contempt, Defendant listed "§ G.S. 5A-23, § G.S. 14-320.1, § G.S. 50-13.1."

In his motion, Defendant referenced the "Order for Permanent Custody and Temporary Child Support" entered 22 March 2010 and made the following allegations:

> 3. The Order (for Permanent Custody and Temporary Child Support) cited above states that [Plaintiff] is the primary custodial parent and provides for visitation of [Defendant] with his two minor children on a schedule contained therein.
>
> 4. The Order has at all times since its entry remained in full force and effect and [the trial court] retains jurisdiction over the Order and all matters related thereto.
>
> 5. Plaintiff[] moved the parties' minor children to Pensacola, in Escambia County, Florida on July 15th, 2011 without obtaining [Defendant's] consent or the permission of [the trial court] to allow the move.
>
> . . . .
>
> 7. [Plaintiff] has repeatedly obstructed [Defendant's] visitation with his children,

as early as March 3rd, 2010, less than two months after the Order went into effect[.]

Defendant requested the following relief:

1. That the [trial court] cites [Plaintiff] for Contempt for Interstate Custodial Interference of [the trial court's] Order for Permanent Custody for moving the minor children out-of-state with the willful intent to violate the existing Custody Order.

2. That an extended Hearing be calendared on the earliest date possible to address additional Contempt by [] Plaintiff of the Custody Order and to Modify the Custody Order in consideration of changed circumstances.

3. That an Order of Enforcement be issued immediately to provide for enforcement of the existing Custody Order and Visitation Schedule contained therein, pending the Hearing for Modification of the Custody Order.

4. Any remedy which would also be appropriate to the proceedings herein, as a conclusion of law or that is incorporated herein by reference, including criminal proceedings, as they relate to § G.S. 14-320.1.

"[W]hen the allegations in the complaint give sufficient notice of the wrong complained of[,] an incorrect choice of legal theory should not result in dismissal of the claim if the allegations are sufficient to state a claim under some legal theory." *Haynie v. Cobb*, 207 N.C. App. 143, 149, 698 S.E.2d 194, 198 (2010) (quoting *Stanback v. Stanback*, 297 N.C. 181,

202, 254 S.E.2d 611, 625 (1979)).

Defendant's motion indicates he sought to make the following claim for civil contempt:

> Failure to comply with an order of a court is a continuing civil contempt as long as:
>
> (1) The order remains in force;
>
> (2) The purpose of the order may still be served by compliance with the order;
>
> (2a) The noncompliance by the person to whom the order is directed is willful; and
>
> (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2011).

"The [motion] must be liberally construed, and the court should not dismiss the [motion] unless it appears beyond a doubt that the [movant] could not prove any set of facts to support his claim which would entitle him to relief." *Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000). Construing Defendant's motion liberally and treating the allegations as true, Defendant alleged facts sufficient to support his motion for contempt. Thus, the trial court erred in granting Plaintiff's motion and in dismissing Defendant's motion. For the same reasons discussed above in this section, the trial court also erred in dismissing with prejudice

Defendant's motion for reconsideration.

## II. Convenience of Forum

### A. Notice

Defendant contends the trial court erred in determining "North Carolina was an inconvenient forum without first providing appropriate notice that such issue was being determined and without first allowing the parties to submit information."

The trial court "shall allow the parties to submit information" before determining whether North Carolina is an inconvenient forum. N.C. Gen. Stat. § 50A-207(b) (2011). Defendant contends this "statutory right to submit information implies that the parties will be given advance notice of the hearing so that they will be prepared to submit such information."

Even assuming *arguendo*, without deciding, that Defendant's contention is accurate, Defendant has not shown he was not allowed to submit information, or that he would have submitted additional information had he received advanced notice. The transcript does not show the trial court refused any information Defendant offered. In his brief, Defendant gives no information that he would have submitted on the convenience of the forum. Defendant thus has not shown error on this basis.

## B. Statutory Factors

Defendant next contends the trial court erred in "determining that North Carolina was an inconvenient forum without first considering all of the statutory factors listed in N.C.G.S. § 50A-207(b)." We agree.

Before determining whether it is an inconvenient forum, the trial court "shall consider whether it is appropriate for a court of another state to exercise jurisdiction." N.C.G.S. § 50A-207(b).

> For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this State;
>
> (3) The distance between the court in this State and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) Any agreement of the parties as to which state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7) The ability of the court of each state to decide the issue expeditiously and the

procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

N.C.G.S. § 50A-207(b). "The factors listed in N.C.G.S. § 50A-207(b) are necessary when the current forum is inconvenient[.]" *Velasquez v. Ralls*, 192 N.C. App. 505, 509, 665 S.E.2d 825, 827 (2008); *see also In re M.M.*, ___ N.C. App. ___, 750 S.E.2d 50, COA13-600 (5 November 2013).

The transcript and record indicate no consideration by the trial court of the factors listed in N.C.G.S. § 50A-207(b). Defendant has shown error on this basis. On remand, the trial court is to comply with the requirements of N.C.G.S. § 50A-207(b).

### III. Staying the Proceedings

Defendant next argues the trial court erred in dismissing his motion for reconsideration instead of staying the proceedings.

N.C. Gen. Stat. § 50A-207(c) (2011) states:

If a court of this State determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it <u>shall stay</u> the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

*Id.* (emphasis added).

In *In re M.M.*, *supra*, this Court considered a similar issue. The trial court "simply purported to transfer jurisdiction, effectively dismissing the case in North Carolina. It did not stay the present case and condition the stay on the commencement of a child custody proceeding in Michigan." *Id.* at ___, 750 S.E.2d at ___, slip op. at 7-8. "It is well established that the word 'shall' is generally imperative or mandatory." *Id.* at ___, 750 S.E.2d at ___, slip op. at 7. This Court remanded the case with instructions that, if the trial court determines it should decline jurisdiction and "makes sufficient findings to support its determination that North Carolina is an inconvenient forum[,]" the trial court must stay the case "upon condition that a child custody proceeding be promptly commenced in" Michigan. *Id.* at ___, 750 S.E.2d at ___, slip op. at 8.

Likewise, in the present case, the trial court effectively dismissed the case in North Carolina. The trial court concluded that "North Carolina is no longer a convenient or appropriate forum to hear matters between these parties." On remand, if the trial court decides to decline jurisdiction, the trial court must stay the case "upon condition that a child-custody proceeding be promptly commenced in another designated state[.]"

N.C.G.S. § 50A-207(c); *see also In re M.M.*, *supra.*

<u>IV. Child Support Payments</u>

Defendant argues the trial court erred in ordering the resumption of Defendant's child support payments. The trial court, on 6 November 2012, ordered Defendant "to resume payment of child support consistent with the prior Orders in this matter, including all arrearages."

Defendant contends the trial court erred in ordering the resumption of child support payments instead of staying the proceedings. The implication in this argument seems to be that ordering the resumption of child support payments is somehow inconsistent with finding North Carolina to be an inconvenient forum. However, Defendant provides no citation to authority to support this argument.

Defendant further contends the trial court erred in ordering the resumption of child support payments "without first giving [Defendant] an opportunity to be heard." Again, the transcript reveals no instance in which Defendant sought to offer evidence relevant to a determination on child support and the trial court denied Defendant this opportunity. Furthermore, assuming that Defendant was denied an opportunity, Defendant on appeal points to no arguments that he would have presented to the trial court. Defendant thus has not shown error on this

basis.

## V. Conclusion

On remand, the trial court is to comply with the requirements of N.C.G.S. § 50A-207. Should the trial court determine North Carolina is an inconvenient forum for this matter, the trial court is to make findings showing consideration of the factors set forth in N.C.G.S. § 50A-207(b). If the trial court determines it should decline jurisdiction and makes sufficient findings to support its determination that North Carolina is an inconvenient forum, the trial court must stay the case "upon condition that a child-custody proceeding be promptly commenced in another designated state[.]" N.C.G.S. § 50A-207(c); *see also In re M.M.*, *supra*.

Reversed and remanded.

Judges HUNTER, Robert C. and ELMORE concur.